UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN FAGAN, | No. 2:15-cv-01755-GEB-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| COUNTY OF SACRAMENTO; and DOES 1-20, | |
| Defendants. | |

Defendant County of Sacramento ("County") seeks dismissal of Plaintiff Jordan Fagan's Complaint, under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "for failure to state a claim upon which relief can be granted." (Notice of Mot. and Mot. to Dismiss Compl. 1:22-23, ECF No. 5.) Plaintiff's Complaint alleges a single claim, under 42 U.S.C. § 1983, against the County and Doe defendants. (Compl. ¶¶ 11-29, ECF No. 1.)

**I.   FACTUAL ALLEGATIONS**

The following factual allegations in the Complaint concern the motion:

> On July 24, 2014, while being detained at Sacrament[o] County Jail, Plaintiff was handcuffed and being transferred from one room to another by two Sheriff Deputies. A third Sheriff's deputy then came and swept Plaintiff['] s feet from underneath him. Plaintiff hit the ground face first causing him to break three of his front teeth, along with a large laceration underneath his bottom

1

>     lip. As a result, Plaintiff received eleven stitches to the close up the laceration underneath his bottom lip and is undergoing multiple dental treatments to fix his three broken teeth.

(Compl. ¶ 9) "Plaintiff filed a complaint with the Sheriff's Department immediately following the incident and after being informed by a Sherriff's Department employee that filing a complaint was the proper procedure. Plaintiff received a letter from the Sherriff's Department, dated December 2, 2014, sustaining his complaint." (Compl. ¶ 10.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Id. at 679. Further, "the court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences." In re Gilead Sciences Secs. Litig., 536 F.3d 1049, 1057 (9th Cir. 2008) (citations omitted).

Specifically, "[t]o survive a motion to dismiss [a § 1983 municipal liability claim], 'a bare allegation that

government officials' conduct conformed to some unidentified government policy or custom' is insufficient; instead, plaintiffs' complaint must include 'factual allegations that . . . plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" Shelley v. Cty. of San Joaquin, 954 F. Supp. 2d 999, 1009 (E.D. Cal. 2013) (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)).

### III.  DISCUSSION

The County argues Plaintiff's Complaint should be dismissed, arguing, *inter alia*, "[t]here is no *respondeat superior* liability for municipalities under Section 1983" and "the [C]omplaint alleges no factual material showing the existence of a County policy or custom that was deliberately indifferent to [P]laintiff's constitutional rights." (Mem. P. & A. ISO Def.'s Mot. to Dismiss ("Mot.") 2:6–7, 2:26, 3:16–17, ECF No. 5-1.)

Plaintiff agrees the County's "legal analysis appears to have merit" and "[a]t present, Plaintiff cannot articulate additional facts to support the culpability of the moving party." (Pl.'s P.&A. ISO Opp'n to Mot. ("Opp'n") 1:23, 3:12–14, ECF No. 7.) However, Plaintiff argues, *inter alia*, the County's "motion to dismiss should be denied until Plaintiff has had reasonable time to conduct discovery." (Opp'n 4:2–4.)

The Supreme Court held in Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), that "[m]unicipalities are considered 'persons' under 42 U.S.C. § 1983

3

and thus may be liable for a constitutional deprivation." <u>Waggy v. Spokane Cnty. Washington</u>, 594 F.3d 707, 713 (9th Cir. 2010) (citing <u>Monell</u>, 436 U.S. at 690). However, "it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." <u>Id.</u> (alteration removed) (citation omitted). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006) (internal quotation marks omitted).

Therefore, "[Plaintiff] must [plausibly allege] (1) that he possessed a constitutional right of which he was deprived; (2) <u>that the [County] had a policy</u>; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." <u>Id.</u> (emphasis added) (internal citations and quotation marks omitted).

Plaintiff alleges in the Complaint: "The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to [Plaintiff]." (Compl. ¶ 27.)

Plaintiff's allegations "simply recite the elements of a [<u>Monell</u>] cause of action, . . . [and do not] contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>Hernandez</u>, 666 F.3d at 637.

///

4

**IV.   CONCLUSION**

Since Plaintiff has not alleged a plausible claim against the County, the County's motion to dismiss Plaintiff's Complaint against it is granted. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the referenced deficiencies. Plaintiff is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:   January 6, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge