UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN FAGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO; JOHN DOE; JAMES DOE; JANE DOE; and DOES 1-20, inclusive,<br><br>    Defendants. | No. 2:15-cv-01755-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant County of Sacramento (the "County") seeks to dismiss the claim brought against it in Jordan Fagan's First Amended Complaint, because he fails to adequately state a Monell claim. For the following reasons, the County's motion is granted with prejudice.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 22, 2016.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

For purposes of this motion, the following facts are taken as true by the Court.

While detained at the Sacramento County Jail on July 24, 2014, two unidentified Deputy Sheriff Defendants handcuffed and transferred Plaintiff from one room to another. First Am. Compl. for Civil Rights Violation (FAC) ¶ 13. A third unidentified Deputy Sheriff Defendant approached Plaintiff and swept his "feet from underneath him." Id. As a result, Plaintiff's face hit the ground, causing three broken teeth and a laceration underneath his bottom lip. Id. Thereafter, Plaintiff filed a complaint with the Sacramento County Sheriff's Department (the "Department"), and he received a letter from the Department, dated December 2, 2014, sustaining his complaint. Id. ¶ 14.

Plaintiff filed his initial complaint on August 18, 2015 (Doc. #1), and the County moved to dismiss the complaint on September 10, 2015 (Doc. #5). The Court granted the County's motion with leave to amend on January 7, 2016 (Doc. #13). Plaintiff then filed his First Amended Complaint, which includes two claims for excessive force under 42 U.S.C. § 1983, with the first claim brought against three Doe Defendants and the second claim brought against the County (Doc. #16). The County filed a motion to dismiss on January 26, 2016, accompanied by requests for judicial notice (Doc. #18). Plaintiff filed an opposition (Doc. #20).

1                         II.   OPINION
2        A.   Judicial Notice
3        The County requests the Court judicially notice (Doc. #18-2)
4   the First Amended Complaint and the Court's order on January 7,
5   2016.  The First Amended Complaint and the Court's order are
6   already part of the record in this case, and therefore, the
7   request is denied as unnecessary.
8        B.   Analysis
9        The County argues, *inter alia*, that the second claim brought
10  against it—for excessive force under § 1983—must be dismissed
11  because Plaintiff has failed to allege facts sufficient to
12  establish "the existence of a County policy or custom that was
13  deliberately indifferent to [P]laintiff's constitutional rights."
14  Mem. of P. & A. ISO Def.'s Mot. to Dismiss FAC ("Mot.") 3:24-26.
15       Plaintiff opposes, arguing his factual allegations against
16  the County are sufficient to proceed to discovery.  Pl.'s P. & A.
17  ISO Opp'n to Mot. ("Opp'n") 1:22-24.
18       "[A] municipality can be sued under § 1983, but it cannot be
19  held liable unless a municipal policy or custom caused the
20  constitutional injury."  <u>Leatherman v. Tarrant Cty. Narcotics
21  Intelligence & Coordination Unit</u>, 507 U.S. 163, 166 (1993). A
22  "policy or custom" under <u>Monell v. Department of Social Services
23  of City of New York</u>, 436 U.S. 658 (1978), is "a longstanding
24  practice . . . which constitutes the standard operating procedure
25  of the local government entity."  <u>Ulrich v. City & Cty. of San
26  Francisco</u>, 308 F.3d 968, 984 (9th Cir. 2002) (internal quotation
27  marks omitted).  "Furthermore, the complaint must allege the
28  policy, as well as its causal relationship to the constitutional

                                   3

injury, in sufficient detail." Hass v. Sacramento Cty. Sheriff's Dep't, 2014 WL 1616440, at *5 (E.D. Cal. Apr. 18, 2014).

Plaintiff points to the following new factual allegations in his First Amended Complaint: "Plaintiff is informed and believes that Deputy Sheriffs at the Sacramento County jail has [sic] had a custom of using excessive force and that Defendant County of Sacramento has had a history of not investigating constitutional violations and/or not punishing Deputy Sheriff's for such acts." FAC ¶ 35. This does not plead facts sufficient to support that the County had an impermissible policy or custom that violated Plaintiff's constitutional rights. The remainder of Plaintiff's First Amended Complaint is similarly insufficient. Specifically, Plaintiff alleges just one, specific instance of interaction between Plaintiff and the Deputy Sheriffs; this single instance is insufficient to allege a policy or custom of using excessive force.

In his opposition brief, Plaintiff relies on Hunter v. County of Sacramento, 652 F.3d 1225 (9th Cir. 2011), arguing it establishes a factual basis for his second claim. He explains that in Hunter, plaintiffs' expert "found that officials in the [Sacramento County] Main Jail repeatedly failed to investigate incidents of excessive force and to take disciplinary action against guards who used such force, despite the existence of an official policy prohibiting the use of excessive force." Id. at 1234; Opp'n 6:17-21. The Court agrees with the County that "Hunter establishes no factual basis for the instant claim." Reply to Opp'n 3:21.

For these reasons, Plaintiff's second claim brought against

4

the County is dismissed.  Plaintiff has had two opportunities to properly plead a claim against the County and the Court finds that any further attempt to amend would be futile.

Although the County states it seeks dismissal of Plaintiff's entire First Amended Complaint, Notice of Mot. & Mot. to Dismiss FAC 1:22–23, Plaintiff's first claim is not brought against the County, and the County has not asserted any reason for dismissal of this claim.  Therefore, Plaintiff's first claim survives but the second claim is dismissed with prejudice.

### III.   ORDER

For the reasons set forth above, the County's motion is GRANTED WITH PREJUDICE as to the second claim in Plaintiff's First Amended Complaint.

IT IS SO ORDERED.

Dated: April 6, 2016                    /s/ John A. Mendez
                                        HONORABLE JOHN A. MENDEZ
                                        UNITED STATES DISTRICT JUDGE